UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE E. FLORES,<br><br>                           Plaintiffs,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                           Defendant. | Case No. 2:14-cv-00806-JCM-GWF<br><br>**FINDINGS AND**<br>**RECOMMENDATION**<br><br>Plaintiff's Application to Proceed in<br>Forma Pauperis (#1) |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1), filed on May 21, 2014.

### BACKGROUND

Plaintiff alleges a claim against the Social Security Administration (SSA), challenging its denial of social security disability benefits. Plaintiff alleges that at all time relevant to this action, he was disabled as defined by the Social Security Act. Plaintiff claims that the Social Security Commissioner, initially and upon reconsideration, denied his request for supplemental security income. Plaintiff states that he timely requested review of the ALJ's decision with the Appeals Council, which was denied on March 24, 2014. Plaintiff now seeks judicial review of that final agency decision.

### DISCUSSION

    **I.    Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard in 28 U.S.C. §

1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed in forma pauperis, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

Plaintiff submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them. Plaintiff is unemployed, however, he indicates that his spouse earns $1,900.00 a month and lists his 1993 Toyota Corolla valued at approximately $800.00 as his asset. He alleges monthly expenses to include rent in the amount of $850.00 and utilities in the amount of $900.00. Furthermore, Plaintiff indicates he has no dependants or other financial obligations. Based on the information provided, the Court finds that Plaintiff is able to pay the filing fee in this case.

A number of courts have come to the same conclusion that the income and resources of a spouse are relevant to the determination of indigency under 28 U.S.C. § 1915. *See Monti v. McKeon*, 600 F.Supp. 112 (D.Conn. 1984) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."); *Jones v. St. Vincents Health System*, 2007 WL 1789242 (M.D.Fla. June 19, 2007) (denying motion to proceed in forma pauperis after considering both applicant's and wife's income and resources); *Mann v. Frank*, 1992 WL 219800 (W.D.Mo. Sept.2, 1992) (considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income in rejecting in forma pauperis petition); *Bender v. Defense Logistics Agency*, 1990 WL 96185 (E.D.Pa. July 3, 1990) (taking into consideration income of plaintiff's wife); *Pisano v. Astrue*, 2012 WL 79188 (D. Mass. Jan. 10, 2012) (Plaintiff's and his wife's financial income, resources, and obligations are intertwined, thereby making it appropriate to consider their overall financial situation when addressing an application to proceed in forma pauperis); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F.Supp. 1201, 1201 (D.P.R. 1982) (in determining petition to proceed in forma pauperis, court should consider overall financial situation of petitioner as well as assets and liabilities of spouse); *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.Md.1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part

on a litigant's actual ability to get funds from a spouse.").

An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Here, in the court's view, Plaintiff and his wife are able to pay the necessary fees without having to forego any of life's necessities. Plaintiff's wife's income exceeds the 2014 Federal Poverty Guidelines for a two person household. Furthermore, her monthly income of $1,900.00 covers all of the alleged expenses and yields a monthly surplus of $150.00. These are not the kind of circumstances which call for the waiver of fees. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) be **denied** without prejudice. Plaintiff should be required to pay the filing fee of $400.00 within thirty days from the date that an Order denying Plaintiff's Application is entered, or the above-captioned case shall be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of May, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge